UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEOSERVICES, INC., } | | |
| } | | |
| Plaintiff, } | | |
| VS. } | | CIVIL ACTION NO. H-07-2303 |
| } | | |
| PIERRE BARADAT-LIRO, } | | |
| } | | |
| Defendant. } | | |

## OPINION & ORDER

Pending before the court is Defendant Pierre Baradat-Liro's ("Baradat's") Rule 12(b)(1) motion to dismiss for lack of standing (Doc. 4). Plaintiff Geoservices, Inc. ("Geoservices USA") has filed a response (Doc. 8), to which Baradat filed a reply (Doc. 10) and a supplemental reply (Doc. 11). Geoservices USA filed a response to Baradat's supplemental reply (Doc. 12). For the reasons that follow, the court ORDERS that Baradat's motion to dismiss is DENIED.

I.  Background & Relevant Facts

In this diversity case, Geoservices USA claims that it is entitled to reimbursement for certain advancements made to Baradat when he was acting as president of the company. Baradat is a citizen of France. (Baradat Decl. ¶ 2, Doc. 4 Ex. 1). Geoservices USA is a Delaware corporation with its principal place of business in Houston, Texas. (Miller Aff. ¶ 2, Doc. 8 Ex. 1).

On December 1, 2000, Baradat entered into an employment agreement ("French Employment Agreement" or "Agreement") with Geoservices, S.A. ("Geoservices France"), after his previous employment with Geoservices International, S.A. ("Geoservices Venezuela") ended. (Baradat Decl. ¶ 4, Doc. 4 Ex. 1). The French

Employment Agreement stated that Baradat was subject to the orders of Geoservices France, which controls all of the Geoservices entities, including Geoservices USA. (*See id.*).

The French Employment Agreement also required that Baradat be "mobile," and he traveled all over the world in connection with his duties for Geoservices France. (*See id.* ¶¶ 5-6). This mobility requirement eventually led Baradat to Houston, Texas, where he was elected as President of Geoservices USA and was a member of its Board of Directors from June 2003 until his employment ended in approximately October 2006. (*See id.*; *see also* Written Consent of Geoservices USA Board of Directors from 2003 and 2005, Doc. 8 Ex. A). Baradat claims that, although he performed services for Geoservices USA, he remained an employee of Geoservices France. (*See* Baradat Decl. ¶ 6, Doc. 4 Ex. 1). The French Employment Agreement also entitled Baradat to reimbursement for certain travel and other business-related expenses. (*See* Doc. 4 Ex. 1-A at p. 2; *see also* Doc. 4 at 3). Baradat asserts that, under the Agreement, Geoservices France would approve the advancements and direct its affiliates to pay the requested amount depending on his present location. (Baradat Decl. ¶ 9, Doc. 4 Ex. 1).

In October 2006, Geoservices France terminated Baradat's employment. (*Id.* ¶ 10). Baradat initiated legal action in France against the Geoservices family of companies for wrongfully terminating the French Employment Agreement. (*Id.*). This suit remains pending.

After Baradat's employment ended and he filed suit in France, Geoservices USA requested he reimburse it for certain expenses. While Geoservices USA claims it allowed Baradat to use two company credit cards for business and personal

expenses, it required him to reimburse it for any personal expenses charged to these accounts. (Miller Aff. ¶ 4, Doc. 8 Ex. 1). Geoservices USA also states that it, as well as other Geoservices entities, advanced Baradat certain sums that were to be repaid. (*Id.*). Finally, Geoservices USA claims that Baradat owes it reimbursement for fees associated with a vehicle, insured and paid for under a joint lease, which Baradat requested to keep after his employment ended. (*Id.* ¶ 5). The following is a summary of the total amounts allegedly owed by Baradat for personal expenditures that have not been reimbursed:

- $145,705.08 to Geoservices USA
- $38,000.00 to Geoservices Venezuela
- $2,875.00 to Geoservices France

(*See* Summary of Monies Due, Doc. 8 Ex. C). Applying credit for expenses paid (1) from January 2005 to April 2006 in the amount of $13,953.00 and (2) from April 2006 to November 2006 in the amount of $6,145.00 to Geoservices USA, the total balance due Geoservices USA is $125,607.08. (*See* Pl.'s Resp. ¶ 9, Doc. 8). Thus, the total amount allegedly due to the Geoservices entities collectively is $166,482.08.

Geoservices USA demanded payment in full, and Baradat refused. He responded that the vast majority of the expenses were business-related and that, regardless, all the monies were advancements made pursuant to the French Employment Agreement and, therefore, owed to Geoservices France, not Geoservices USA. (Baradat Decl. ¶ 12, Doc. 4 Ex. 1).

On June 11, 2007, Geoservices USA filed suit in Harris County district court to recover the full $166,482.08. In its original petition, Geoservices USA claims that Baradat was employed as its President and that he was allowed to use the credit cards

for business and personal expenses as part of his employment agreement.  (Pl.'s Orig. Pet. ¶¶ 5, 16, Doc. 1 Ex. 1).  Geoservices USA brought claims for money had and received, breach of fiduciary duty, breach of contract, and on a sworn account.

On July 16, 2007, Baradat removed this action to federal court on diversity of citizenship grounds.  Baradat then brought the current motion seeking to dismiss the case against him for lack of standing, arguing that Geoservices USA does not own any of the claims it is asserting.  Although not conceding that any amount is owed, Baradat claims that any advances for personal expenses would be owed to Geoservices France, not Geoservices USA, because Geoservices USA was never a party to the French Employment Agreement, which authorized the expenditures.

Geoservices USA responds that it owns the account because it personally paid for the expenditures at issue.  Moreover, after Baradat filed the current motion to dismiss for lack of standing, Geoservices Venezuela and Geoservices France assigned their claims to Geoservices USA.  (*See* Aug. 6, 2007 Assignments of Claim, Doc. 8 Ex. E).

II.        Legal Standard on Rule 12(b)(1)

It is well settled that a lawsuit must be dismissed if "the court lacks the statutory or constitutional power to adjudicate the case."  *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  In cases in which a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is filed, the party seeking to litigate in federal court bears the burden of establishing jurisdiction.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  A "[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the

complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). "A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n of Miss.*, 143 F.3d at 1010. Additionally, the court should construe the complaint in favor of the complaining party in resolving the issue of standing. *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 207 (5th Cir. 1994).

III.     Discussion

"The 'irreducible constitutional minimum of standing contains three elements': 'the plaintiff must have suffered an injury in fact,' 'there must be a causal connection between the injury and the conduct complained of,' and 'it must be likely . . . that the injury will be redressed by a favorable decision.'" *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 318 (5th Cir. 2002) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotations omitted)). "[A] plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth*, 422 U.S. at 499.

In this case, Geoservices USA is the injured party with the standing to sue. Although Geoservices USA is not a party to the French Employment Agreement, the fact that Geoservices USA has alleged that it paid the expenses for Baradat, expecting reimbursement, satisfies the standing requirement. The court finds the reasoning of *Diesel Sys. v. Yip Shing Diesel Eng'g Co.*, 861 F. Supp. 179, 181 (E.D.N.Y. 1994), cited

by Baradat, unpersuasive and holds that a subsidiary corporation's advancing monies to a foreign parent corporation's employee, who is serving as an officer or director of the subsidiary, is an injury to the subsidiary and establishes its standing to sue for repayment of the advances.  The court therefore concludes that Geoservices has standing to assert its claim for the monies it advanced to Baradat, Geoservices France's employee.

IV. Conclusion

Accordingly, and for the reasons explained above, it is hereby

ORDERED that Defendant Pierre Baradat-Liro's ("Baradat's") Rule 12(b)(1) motion to dismiss for lack of standing (Doc. 4) is DENIED.

SIGNED at Houston, Texas, this 29th day of March, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE